**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUAN MATOS VELEZ**, *Plaintiff,* v. **GREG WALCZAK, et al.,** *Defendants.* | **Case No. 2:19-cv-02915-JDW** |

**MEMORANDUM**

The Court must determine what to do with this case because Plaintiff Juan Matos Velez has been deported and his counsel has been unable to contact him. His counsel wants to withdraw from the case. Defendants want the Court to sanction Mr. Velez and/or enter summary judgment against him. The Court will chart a middle ground. It will dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**I.     FACTUAL BACKGROUND**

Mr. Velez filed a Complaint against Defendants on July 3, 2019, asserting claims for wages he claims Defendants owed him for work on a construction project.  On December 30, 2019, Defendants served Mr. Velez with a First Set of Interrogatories and a First Request for Production of Documents.  Mr. Velez didn't answer, so Defendants moved to compel. On March 5, 2020, the Court ordered Mr. Velez to provide responses to all written discovery requests, without objection, on or before March 12, 2020 and to appear for a deposition by March 31, 2020. He didn't comply.

According to Mr. Velez's counsel, Cooper Levenson P.A., Mr. Velez was deported. His counsel reports that they have no way of communicating with him and do not believe he will be

able to return to the country any time soon. On May 26, Mr. Velez's counsel filed a motion seeking leave to withdraw from the case.

On May 29, 2020, Defendants filed a Motion for sanctions under Federal Rules of Civil Procedure 37 and 41(b) and for summary judgment. Mr. Velez's counsel did not respond. The Court presumes that is because the motion to withdraw was pending, though that is not a proper justification.

## II.     ANALYSIS

### A.     Withdrawal Motion

The Court has discretion on whether to allow Cooper Levenson to withdraw as counsel. *See Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998). In determining whether to permit withdrawal, a court must consider: "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." *Id.* These factors weigh against withdrawal here. If Mr. Velez withdraws, then the Court must find some way to communicate with him directly, as an unrepresented party. Given the current communication difficulties, that would interfere with the administration of justice. It would also delay the action. The Court will not permit Cooper Levenson to withdraw.

### B.     Involuntary Dismissal

The Court will not address the summary judgment aspect of the motion, both because the motion did not draw an opposition and because Defendants did not comply with this Court's policies and procedures concerning motions for summary judgment. Instead, the Court will treat this motion solely as a motion to dismiss the case for lack of prosecution under Rules 37 and 41(b).

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a case "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  When determining if dismissal is appropriate, a district court must consider the following six factors:

> (1) The extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 838 (3d Cir. 1984).  "No single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

"Evidence of prejudice to an adversary [sh]ould bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (citation omitted). Prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F. 3d at 222. This often "involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expand costs to obtain court orders for compliance."  *Briscoe*, 538 F.3d at 259 (citation omitted). It is difficult for Defendants to formulate any meaningful strategy as a result of Velez's failure to produce documents and make himself available for deposition. *See Bose v. Lane's Valley Forge Aviation, Inc.*, No. 16-3924, 2019 WL 5290563, at *7 (E.D. Pa. October 18, 2019). Mr. Velez's absence and inability to participate in the case causes that prejudice.

Additionally, no other sanctions would be effective. Mr. Velez is not available to participate in the case. No alternative sanction would compel Mr. Velez to comply with the Court's

discovery orders. *See Adegbuji v. Middlesex County*, 347 Fed. Appx. 877, 880-81 (3d Cir. 2009). Nor is there some other sanction that can cure the prejudice to Defendants.

Although dismissal is appropriate, the Court is mindful that this case survived a motion to dismiss. It is therefore meritorious for purposes of the *Poulis* analysis. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). In addition, Mr. Velez has not delayed these proceedings for any reason other than his deportation, which was likely out of his control. *See Adegbuji*, 347 Fed. Appx. at 880. These factors mitigate against the most severe possible sanction. The Court will therefore dismiss this case without prejudice. That way, if Mr. Velez makes his way back, he can renew his claims.

### III. CONCLUSION

This case cannot continue with Mr. Velez absent from the country and unable to participate in discovery. The Court will therefore dismiss it without prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

July 15, 2020